IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT BENJAMIN STOUT,

    Plaintiff,

v.                                              Civil No. 3:09CV538

COLONEL MELETIS, et al.,

    Defendants.

## MEMORANDUM OPINION

Robert Benjamin Stout, a Virginia inmate proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983. Stout's claims arise out of his incarceration while in the custody of the Prince William County Adult Detention Center. This matter is before the Court for initial screening and compliance with the Court's prior directions. See 28 U.S.C. §§ 1915(e), 1915A; Fed. R. Civ. P. 41(b).

By Memorandum Opinion and Order entered on February 16, 2010, the Court instructed Stout that his complaint must comply with Federal Rule of Civil Procedure 20, which provides:

> (2) **Defendants.** Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). The Court explained that Stout's original complaint did not comply with Rule 20:

> In Claim One, Plaintiff alleges that Defendant Amanda Lambert maliciously swore out a warrant for his arrest. Plaintiff's remaining claims allege that various other Defendants failed to treat his diabetes (Claims Two through Nine), seized his legal materials (Claim Ten), placed him in administrative segregation (Claim Eleven), failed to provide a vegetarian diet (Claim Twelve), read his legal mail (Claim Thirteen), and denied his request to be placed in a specific dormitory (Claim Fourteen). Plaintiff's disparate claims do not appear to satisfy Rule 20's joinder requirements.

(Feb. 16, 2010 Memorandum Order (Docket No. 14), at 2.) The Court instructed Stout to submit an amended complaint that comports with Rule 20 or show good cause for not dropping the improperly joined parties.

On March 3, 2010, the Court received from Stout an amendment to his complaint. In that document, Stout attempted to incorporate his original complaint by reference. Subsequently, the Court informed Stout that he may not spackle new allegations or defendants onto the original complaint. (Sept. 8, 2010 Memorandum Order (Docket No. 19), at 2.) The Court again directed Stout to file an amended complaint. The Court explained to Stout that if his amended complaint violated the requirements of Rule 20, the Court would drop all defendants not properly joined with the first named defendant.

On September 21, 2010, the Court received from Stout his amended complaint. The amended complaint will SUPPLANT Stout's previous complaints. A summary of his claims follows:

| | |
|---|---|
| Claim One | On December 19, 2006, medical staff denied Stout medical treatment for Stout's diabetes. |
| Claim Two | On December 20, 2006, medical staff denied Stout medical treatment for Stout's diabetes. |
| Claim Three | On December 23, 2006, medical staff denied Stout medical treatment for Stout's diabetes. |
| Claim Four | On December 29, 2006, medical staff denied Stout medical treatment for Stout's diabetes. |
| Claim Five | On January 8, 2007, medical staff denied Stout medical treatment for Stout's diabetes. |
| Claim Six | On February 16, 2007, medical staff denied Stout medical treatment for Stout's diabetes. |
| Claim Seven | On January 15, 2009, a medical staff member gave Stout an overdose of insulin while treating him for diabetes. |
| Claim Eight | On November 1, 2008, a jail officer seized legal documents from Stout's cell without a search warrant. |
| Claim Nine | One November 1, 2008, jail officers arbitrarily placed Stout in segregation without due process. |
| Claim Ten | From 2006 through 2009, prison staff denied Stout a diet in accordance with his Christian beliefs because the meat they provided to him was not allowed by the New International Version of the Bible. |

| | |
|---|---|
| Claim Eleven | From 2006 through 2009, prison officials denied Stout's request to be placed in the Men In New Directions ("MIND") dorm, a religion-based dorm, because Stout is a diabetic and therefore not allowed in the MIND dorm. |

(Amended Complaint (Docket No. 20) ¶¶ 32-42.)

Stout's amended complaint does not comply with Rule 20. Accordingly, the Court will DISMISS WITHOUT PREJUDICE Claims Eight, Nine, Ten, and Eleven. See Jackson v. Olsen, No. 3:09cv43, 2010 WL 724023, at *8 (E.D. Va. Mar. 1, 2010). These disparate claims do not satisfy Rule 20's joinder requirements.[1] See Garcia v. Munoz, No. 2:08cv01648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008) ("[A] civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact.").

Furthermore, the Court will DISMISS as Defendants (1) Major Robert Hendricks, (2) Lt. Herd, and (3) Captain Wynkoop. Stout's

---

[1] Stout does not have free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner." George, 507 F.3d at 607.

amended complaint does not allege that these individuals are parties to the surviving claims.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Stout.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: March 23, 2011
Richmond, Virginia