IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT BENJAMIN STOUT,

     Plaintiff,

v.                             Civil Action No. 3:09CV538

COLONEL MELETIS, et al.,

     Defendants.

## MEMORANDUM OPINION

Robert Benjamin Stout, a former inmate proceeding pro se and in forma pauperis, filed this civil action pursuant to 42 U.S.C. § 1983. Proceeding on a Particularized Complaint, Stout makes seven separate claims for denial of adequate medical care related to his type 1 diabetes. After an initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court, by Memorandum Order, directed Stout to show good cause why the Court should not dismiss Claims 1 through 6 as untimely. The Court also informed Stout that Claim 7 of the Particularized Complaint was before the Court for initial screening. Stout has not responded. For the following reasons, Stout's claims will be DISMISSED.

## I.   STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court

determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). These standards permit the Court to sua sponte dismiss claims that are clearly barred by the relevant statute of limitations. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-57 (4th Cir. 2006); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle

applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the

plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   STATUTE OF LIMITATIONS

### A.   Statute of Limitations for § 1983 Actions

Because there is no explicit statute of limitations for 42 U.S.C. § 1983 actions, the courts borrow the personal injury statute of limitations from the relevant state. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. See Va. Code Ann. § 8.01-243(A) (West 2011). Hence, Stout was required to have filed his original complaint

4

within two years from when the underlying claim accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, United States v. Kubrick, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." Almond v. Sisk, No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting Nasim, 64 F.3d at 955). Stout filed his original complaint on June 22, 2009.[1] Thus, Stout is barred from bringing any claim which accrued prior to Thursday, June 21, 2007.

## B.  Timeliness of Claims 1 through 6

In Claims 1 through 6, Stout asserts that Defendants denied him adequate medical care by refusing him an insulin injection for his type 1 diabetes on six specific dates (one for each claim).  (Particularized Compl. (Docket No. 58) 4-8.)[2]  These dates range from December 19, 2006 to February 16, 2007. Stout's cause of action accrued as of the date of each claim.[3]

---

[1] This is the date that Stout signed the original complaint and, presumably, handed it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] Because Stout did not number the pages of his Particularized Complaint, citations to this document will refer to the page numbers assigned by the CM/ECF system.

[3] Stout's Particularized Complaint, as well as his earlier submissions (see, e.g., Am. Comp. (Docket No. 20) 4-9), indicates that, on each of the six specific dates in question, he personally requested insulin injections.  Thus, Stout became

The latest of these dates, February 16, 2007 (Claim 6), occurred 857 days (two years, four months, and six days) prior to the filing of the original complaint on June 22, 2009. Accordingly, because these claims are based on incidents which occurred more than two years before Stout filed his initial complaint in this Court, Claims 1 through 6 will be dismissed.

### III. DENIAL OF ADEQUATE MEDICAL CARE

Stout alleges that, on January 15, 2009, Defendant Kadiatu Fonah "negligently gave [Stout] an 'overdose' and/or excessive amount of insulin for [Stout's] disease of type one diabetes." (Particularized Compl. 9.)   Specifically, "Ms. Fonah gave [Stout] an insulin dose for a  blood sugar reading that was inaccurate due to [Fonah's] failure to properly calibrate the blood glucose monitor."   (Id.)   Stout further states that Fonah's actions "caused [him] great mental and emotional anguish."   (Id.)   Based on the foregoing, Stout makes the following claims:

> Claim 7(a)      Fonah provided inadequate medical care to Stout in violation of his Eighth[4] and Fourteenth[5] Amendment rights.

---

aware of the denial of medical care as of the six specific dates. See Kubrick, 444 U.S. at 123. Accordingly, his claims accrued on these dates. Almond, 2009 WL 2424084 at *4.

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."   U.S. Const. amend. VIII.

    Claim 7(b)        Fonah committed the common law tort of
                      negligence.

(Id. at 9, 13.)

## A.    Deliberate Indifference Standard

    To make out an Eighth Amendment[6] claim, an inmate must
allege facts that indicate (1) that objectively the deprivation
suffered or harm inflicted "was 'sufficiently serious,' and (2)
that subjectively the prison officials acted with a
'sufficiently culpable state of mind.'"    Johnson v. Quinones,
145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501
U.S. 294, 298 (1991)).    Under the objective prong, the inmate
must allege facts that suggest that the deprivation complained
of was extreme and amounted to more than the "'routine
discomfort'" that is "'part of the penalty that criminal
offenders pay for their offenses against society.'"    Strickler
v. Waters, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting
Hudson v. McMillian, 503 U.S. 1, 9 (1992)).    "In order to

---

    [5] "No State shall . . . deprive any person of life, liberty,
or property without due process of law . . . ."   U.S. Const.
amend. XIV, § 1.

    [6] "[I]t is now well established that the Eighth Amendment
'serves as the primary source of substantive protection to
convicted prisoners,' and the Due Process Clause affords a
prisoner no greater substantive protection 'than does the Cruel
and Unusual Punishments Clause.'"   Williams v. Benjamin, 77 F.3d
756, 768 (4th Cir. 1996) (quoting Whitley v. Albers, 475 U.S.
312, 327 (1986)).    Thus, Stout's Fourteenth Amendment due
process claim is subsumed within his Eighth Amendment claim.
Id.

demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (quoting Strickler, 989 F.2d at 1381).

In order to state an Eighth Amendment claim for denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle, 429 U.S. at 105-06).

> [A] prison official cannot be found liable under the
> Eighth Amendment for denying an inmate humane
> conditions of confinement unless the official knows of
> and disregards an excessive risk to inmate health or
> safety; the official must both be aware of facts from
> which the inference could be drawn that a substantial
> risk of serious harm exists, and he must also draw the
> inference.

Farmer, 511 U.S. at 837.  Farmer teaches "that general knowledge of facts creating a substantial risk of harm is not enough.  The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate."  Johnson, 145 F.3d at 168 (citing Farmer, 511 U.S. at 837); Rich v. Bruce, 129 F.3d 336, 340 (4th Cir. 1997)).  Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"  Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (quoting Rich, 129 F.3d at 340 n.2).

### B.   Deliberate Indifference to Stout's Diabetes

In Claim 7(a) Stout fails to allege facts sufficient to support a claim against Fonah for deliberate indifference. Stout merely states that Fonah "negligently" failed to properly calibrate the blood sugar glucose monitor before reading his

blood sugar.   (Particularized Compl. 9.)   Stout asserts that
Fonah "owed [Stout] a duty of care . . . [and] breached that
duty by her failure to exercise reasonable care."  (Id. at 13.)
Stout alleges no facts raising an inference that Fonah knew that
the monitor was not properly calibrated.   Moreover, no facts
exist suggesting that Fonah subjectively recognized, at the time
of the monitoring, that her actions were inappropriate.
Parrish, 372 F.3d at 303.   Such allegations fail to plausibly
suggest that Fonah acted with deliberate indifference.   See
Holland v. Dir. Health Servs., No. 7:10CV00086, 2010 WL 1303417,
at *3 (W.D. Va. Mar. 31, 2010); Atkins v. Med. Dep't of Middle
River Reg'l Jail, No. 7:06cv00636, 2007 WL 2029304, at *5 (W.D.
Va. July 10, 2007).   Accordingly, Claim 7(a) will be dismissed
with prejudice.

   C.   **Stout's Negligence Claim**

   In Claim 7(b), Stout asserts that Fonah, by her actions
recited above, committed "a tort based on common-law
negligence." (Particularized Compl. 13.)   Generally, a court
with jurisdiction pursuant to § 1983 has supplemental
jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state
law claims.   See, e.g., Sawyer v. Stolle, No. 2:11cv446, 2011 WL
6396592, at *3 (E.D. Va. Dec. 20, 2011) (declining to exercise
pendent jurisdiction).   However, because Stout's federal claims
have been dismissed, the Court declines to exercise supplemental

jurisdiction over his state law tort claim. See Thompson v. City of Danville, No. 4:10CV00012, 2011 WL 2174536, at *9 (W.D. Va. June 3, 2011). Accordingly, Claim 7(b) will be dismissed without prejudice.

If Stout acts promptly, this dismissal without prejudice of Claim 7(b) should not pose a statute of limitations problem for him in light of the tolling provision found in section 8.01-229(E)(1) of the Virginia Code. That statute provides:

> [I]f any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Va. Code Ann. § 8.01-229(E)(1) (West 2011). This provision applies in § 1983 actions. See Canada v. Ray, No. 7:08cv00219, 2009 WL 2448557, at *3 n.1 (W.D. Va. Aug. 10, 2009); see also Tim Cheng-Chien Chang v. Burford, No. 85-2224, 1986 WL 17844, at *2 (4th Cir. Oct. 9, 1986). Thus, because the statute of limitations has tolled during the pendency of this action, Stout is left with limited time to file his negligence claim (Claim 7(b)) in the state court of proper jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, Stout's Claims 1 through 7(a) will be dismissed with prejudice. Claim 7(b) will be dismissed

without prejudice.   The Motion to Dismiss filed by Defendants Meletis and Land (Docket No. 34) will be denied as moot.   The action will be dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to Stout and counsel of record.

An appropriate Order shall issue.

_____ /s/   REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 23, 2012